UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID JAMES BRODIGAN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:18-CV-00273 JAR |
| JONATHAN ROBERTS, et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for an Order Directing Defendants' Counsel to Serve Plaintiff with Copies of All Filings (Doc. 30), Motion to Compel (Doc. 32), Motion to Appoint Counsel (Doc. 34), Motion for Leave to File First Amended Complaint (Doc. 43), Motion to Stay Discovery (Doc. 45), "Motion of Discovery" (Doc. 48), Motion for Judgment on the Pleadings (Doc. 54), Motion to Place Case in Court Ordered Mediation (Doc. 55), and Motion for Leave to Respond (Doc. 58). The Court will consider them in order.

### Motion for an Order Directing Defendants' Counsel to Serve Plaintiff with Copies of All Filings (Doc. 30)

Defendant asks the Court to order Defendants to send him additional copies of all filings. (Doc. 30.) He states that he has not received any filing since Defendants' waiver of service an entry of appearance in September 2018. (*Id*.) Defendants respond that the Court has previously denied motions for default judgment based on the same arguments and represent that they have already sent to Plaintiff and confirmed receipt of hundreds of pages of filings and discovery. (Doc. 31.) In addition, Defendants assert that Plaintiff has made no attempt to contact counsel directly to address any delivery issues. (*Id*. at 3.)

1

Given Defendants' representations and included evidence of posting and delivery of documents, the Court will deny Plaintiff's motion. Moreover, Plaintiff has obviously received some materials given his detailed motion to compel, in which he discusses in depth Defendants' discovery responses. (*See* Doc. 32.)

**Motion to Compel (Doc. 32)**

Under Federal Rule of Civil Procedure 26(b)(1), the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Plaintiff asserts that Defendants have failed to adequately respond to a number of discovery requests. (Doc. 32.) The Court considers them in turn:

> *[1.] All electronically stored information, including all text messages and email's [sic] between any defendant or their agents . . . discussing or in anyway [sic] referencing the Plaintiff and/or his medical treatment from the years 2012 through the date of this filing.*

Defendants object on several grounds, including that the request is overbroad and ambiguous, that none of the individual Defendants worked for Corizon before 2016, and that the materials are privileged. (Doc. 33 at 2.) However, Defendants' primary argument (to this and several other of Plaintiff's demands) is that Plaintiff seeks irrelevant materials.

The crux of Defendants' argument is that the Court dismissed all but one of Plaintiff's claims, allowing him to proceed solely on his claim of deliberate indifference to his hernia. (*See* Doc. 33 at 2 ("The Court allowed Plaintiff's claims to proceed concerning 'severe pain from an inguinal hernia approximately 2011 through 2016' and the subsequent surgery.").) That is not accurate; the Court also allowed Plaintiff to proceed against Corizon on a claim that "[it] and its employees have an unconstitutional policy of denying medical care predicated on the cost of treatment or the costs of procedures . . . to the detriment of their patients' health." (Doc. 9 at 6-7.) The second claim would reasonably encompass decisions as to the treatment of medical

issues other than Plaintiff's hernia and the Court will therefore assess Defendants' relevance arguments with both claims in mind.

Still, the Court agrees that Plaintiff's discovery requests must be limited in time and scope, specifically as to his medical treatment. Plaintiff's request for "[a]ll electronically stored information . . . discussing or in anyway [sic] referencing the Plaintiff" is overbroad insofar as it would necessarily contain communications outside of Plaintiff's medical care. To the extent Plaintiff seeks documentation regarding discussions about "his medical treatment from the years 2012 through the date of this filing," that request is more relevant but still overbroad. Notably, Defendants represent that they have already produced most of Plaintiff's medical records and promise to supplement them dating back to 2012. (Doc. 33 at 27-28.) The Court concludes that any additional, non-privileged, communications since 2012 that discuss the cost of treating any of Plaintiff's medical conditions are relevant to Plaintiff's second claim and discoverable. Defendants are therefore directed to provide any such documents in their possession or control.

### 2. [E]ach Defendants' federal and state tax filings and returns for the fiscal years 2012 through the date of this request.

The Court finds that these materials are not relevant. They have no connection whatever to Plaintiff's first claim and Corizon's tax documents are not probative of whether it makes decisions based on financial considerations as alleged in Plaintiff's second claim. Tax liability tells Plaintiff nothing about whether and to what extent Corizon takes into account the costs of a given treatment before offering it. The Court will deny Plaintiff's motion to compel a response to this request.

> *3. [A]ny and all independent contractor [contracts] between any defendants and/or and defendants and Corizon and/or the Missouri Department of Corrections [("MDOC")] and any other third party for the years 2012 through the date of this request.*
>
> *4. [A]ny and all contracts between Corizon and the State of Missouri and/or the MDOC to perform medical services to inmates for the years 2012 through the date of this request.*
>
> *6. [A]ny and all contracts between Corizon and any third party medical provider contracted by Corizon to provide supplemental or specialized medical care to the Plaintiff the years 2012 through the date of this request.*

Defendants argue that none of the individual defendants is an independent contractor and that therefore none of them have a contract with Corizon or the MDOC. (Doc. 33 at 4-5.) In addition, Defendants argue that Corizon's contracts with the MDOC or third-parties are not relevant to Plaintiff's claims. (*Id.*)

The Court agrees that the contracts sought in Plaintiff's third request for production are not relevant to his claims because none of the individual Defendants is an independent contractor and therefore none of Corizon's contracts with independent contractors shed light on the medical decisions made during his treatment. However, Plaintiff's sixth request for production seeks contracts with third-party medical providers who actually provided Plaintiff with medical care and therefore those contracts could reasonably contain information relating to decisions regarding Plaintiff's medical treatment. Defendants argue that Plaintiff does not name any third-party medical provider as a defendant in this case, but the Court concludes that the contracts are nevertheless relevant to understanding the costs of treating Plaintiff's medical conditions, which is the subject of Plaintiff's second claim. Accordingly, the Court will direct Defendants to submit to the Court any contracts between Defendant and a third-party medical provider who treated Plaintiff, for in-camera review to determine if they contain any relevant discoverable material.

It might also be true that Corizon's contracts with the MDOC would shed light on its policies regarding cost-based medical decisions, but the Court finds that Plaintiff's fourth request for production is overbroad as written and will therefore deny Plaintiff's motion to compel as to that request.

> ***7. [E]ach of the defendants['] personnel files maintained by Corizon, including, but not limited to, all disciplinary actions taken against each defendant for deliberate indifference, negligence, professional misconduct, or other addressed misconduct.***

Defendants object to this request as irrelevant, arguing that the individual Defendants' past personnel and disciplinary records do not relate to their medical decision making and treatment of Plaintiff. (Doc. 33 at 10.) In addition, they argue that the records contain "highly personal and confidential information" which, if revealed, "poses a serious security risk" to them and their families. (*Id*.) The Court agrees that this information is not relevant to either of Plaintiff's claims and will deny his request to compel a response.

> ***8. [A]ny and all company newsletters provided to each defendant by Corizon or any other entity designed to inform employees of news or developments since 2012 to the date of this request, to include handling medical services requests, specialist referrals, costs, profitability, specialized third party contract referrals, or relating to any defendant, Plaintiff and/or Plaintiff's claims set forth in the Complaint.***

Defendants argue that Corizon does not generate newsletters or similar publications and thus they have nothing to produce. (Doc. 33 at 12-13.) In addition, they argue that none of the Defendants was employed by Corizon before 2016, rendering any earlier internal communications irrelevant. (*Id*. at 12.) Moreover, Defendants argue that the vast majority of internal and external publications are wholly unrelated to Plaintiff's treatment. (*Id*.)

The Court agrees generally that this request for production is unreasonably broad. To be sure, only a small portion of publications "designed to inform employees of news or developments since 2012" are relevant to Plaintiff's claims. The Court does believe that any

5

such publications relating to Plaintiff's medical conditions—whether about the medical or financial aspects of those conditions—might be relevant, but Defendants represent that Plaintiff has not agreed to so limit his request. Accordingly, the Court will deny his motion as to these documents.

> *9. [A]ny and all procedure guideline materials related to placement and treatment for, inter alia, chronic pain clinics, hernia surgery referrals, treatments and follow-up treatment and care, surgical consults and surger[ies] by third party surgical contractors.*

Defendants represent that they have provided MDOC policies relevant to Corizon's provision of medical services but that "Corizon does not establish specific guidelines governing how certain medical conditions should be treated." (Doc. 33 at 13.) In addition, they argue that most of the described materials are irrelevant to Defendants' medical treatment of Plaintiff. (*Id*.)

The Court agrees that, to the extent Corizon produces or distributes "procedure guideline materials related to placement and treatment" of medical issues, the vast majority of those materials are unrelated to Plaintiff's treatment. Moreover, given Corizon's representation that it does not establish specific guidelines for how to treat medical conditions, the Court agrees that there likely is no relevant information as to the specific treatment Plaintiff received. The Court believes general policies on whether and when to refer a patient to surgical consultation is relevant to Plaintiff's second claim, but Defendants represent that they have already provided the "management guidelines to submit a request for an outside provider." The Court will therefore deny Plaintiff's motion to compel as to this request on the ground that Defendants have provided all relevant material responsive to the request.

> *10. [E]ach and every general, comprehensive general liability, professional liability, (and any other insurance policy you believe may provide coverage for the personal injury claims asserted in this litigation), that the defendant purchased or on which the Defendant is a named insured, generally or by any group, (including policies purchased by related corporate entit[ies]),*

6

> *and all excess layers for the years 2012 through the date of this request and continuing thereafter . . .*

Defendants object to this request as irrelevant and outside the scope of typical pro se discovery. (Doc. 33 at 15.) The Court does not believe insurance coverage is relevant to Plaintiff's claims but notes it may be relevant to awarding of punitive damages, which are available in §1983 suits. *See Washington v. Denney*, 900 F.3d 549, 563 (8th Cir. 2018); *Evantigroup, LLC v. Mangia Mobile, LLC*, No. 4:11-CV-1328 CEJ, 2013 WL 74372, at *1 (E.D. Mo. Jan. 7, 2013). However, at this stage of the litigation, it is not sufficiently clear that Plaintiff has a claim to relief, and therefore the Court will deny his motion to compel a response to this request at this time.

> *11. Each defendants['] annual reports for the years 2012 through 2018; and . . . All quarterly reports for the current fiscal year.*

The Court finds that these materials are not relevant. There is no connection whatever to Plaintiff's first claim and Corizon's annual profit or loss is not probative of whether it makes decisions based on financial considerations as alleged in his second claim. The Court will deny Plaintiff's motion to compel a response to this request.

> *12. [Communication] to or from any state agency relating to the Plaintiff or his claims in the instant litigation for the years 2012 through the date of this request.*

To the extent Defendants are unable to perform a search of state agency records, Plaintiff's request is impracticable. As to records within Defendants' control, some communications may be discoverable. However, as written, the request is overbroad insofar as it encompasses communications unrelated to the Plaintiff's medical care or Corizon's cost-based decision making. The Court will therefore deny Plaintiff's motion to compel a response to this request as written.

> 13. [A]ll prior lawsuits filed against each defendant . . . that bear any relation, pattern or mod[u]s operandi to the present claims of deliberate indifference [including discovery material].

Defendants argue that this request is overbroad, would require the production of hundreds of pages including personal health information and attorney-client communication, and seeks information not relevant to Plaintiff's claims. (Doc. 33 at 24.) The Court agrees that this request is overbroad. It likewise requires Defendants to make judgments as to whether and to what extent a prior lawsuit "relates" to Plaintiff's suit. That is an inappropriate basis for discovery. The Court will therefore deny Plaintiff's motion to compel a response to this request as written.

> 14. *Twelve categories of digital documentation relating to Plaintiff's medical treatment.*

Defendants represent that they have already provided responsive material to six categories and would supplement those responses with recent additions. (Doc. 33 at 27-28.)

> **14 f. "All stored data relating in any manner, form or fashion to the Plaintiff from each of the four (4) known computer programs and data bases of Corizon"**

Defendants object that this request is overbroad, would include substantial irrelevant information, and that the data is kept on MDOC computers to which they do not have access. (*Id.*) The Court agrees that the request is overbroad as written insofar as it encompasses a significant number of documents that are not relevant to Plaintiff's medical care and will deny Plaintiff's motion to compel a response to this request.

> **14 g. "e-mails and text messages between any defendant, or any defendant and any other Corizon and/or MDOC employee" and 14 h. "e-mails and text messages between any defendant, or any defendant and any third[-]party contractor" as they relate to the Plaintiff or Plaintiff's medical care**

Defendants argue that these requests are overbroad and include privileged attorney-client information. (*Id.*) The Court finds that communication sent or received by any individual

8

Defendant that specifically relates to either Plaintiff's treatment or the cost of that treatment is relevant and should be produced unless it is privileged. The Court believes that limiting the list of custodians to the individual defendants and limiting the subject matter to Plaintiff's medical care and its cost sufficiently addresses Defendants' concerns regarding the scope of this request. The Court will therefore grant Plaintiff's motion to compel a limited response to this request, as limited above.

### 14 i. "All electronic data not included in the hard copy files maintained by Corizon for Plaintiff"

Defendants argue that this information "is not reasonably accessible as Plaintiff has failed to identify any scope in time . . . any identification of custodian, or otherwise limit his search." (*Id*. at 28.) The Court agrees and will deny Plaintiff's motion to compel as to this request on the ground that it is overbroad.

### 14 k. "An electronic copy of all data bases (complete with input data) as well as all data bases used to record, file, sort, index and detail reports of adverse events . . . reported with patients using [Trileptal or Carbamazepine] or any other drugs derived therefrom"

Defendants argue that this request is unclear, overbroad, and irrelevant. (*Id*. at 28.) The Court agrees. Plaintiff alleges the outright denial of medical care; any argument that the care he was provided was substandard or otherwise inappropriate is a claim for medical malpractice and cannot be brought under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment"). The Court will therefore deny Plaintiff's motion to compel a response to this request.

**14 l. "A copy of any [and] all risk assessments performed on the Plaintiff or related to the facts of this case"**

It appears to the Court that Plaintiff is seeking access to legal analysis of risk associated with Plaintiff's law suit. Defendants argue that any such information would be privileged work product. (Doc. 33 at 28.) The Court agrees and will deny Plaintiff's motion to compel a response to this request.

> *15. [D]ocuments that relate to Plaintiff, as well as any . . . other removable materials that have ever been in or associated with any of the files relating to Plaintiff from 2012 through the date of this request.*

Defendants object that this request is overbroad insofar as it encompasses materials not related to Plaintiff's medical treatment. (Doc. 33 at 30-31.) The Court agrees that this request is overbroad and will therefore deny Plaintiff's motion to compel a response to this request as written.

> *16. Any and all claims files, claim committee notes, appeal committee notes, memo's [sic] or document of any kind relating to the claims of the Plaintiff.*

Defendants argue that counsel and Corizon have maintained a claim file only since Plaintiff filed suit and that therefore its contents are "quintessentially protected by the attorney-client and work product privileges." (*Id*. at 31-32.) Plaintiff maintains that he does not seek any privileged documentation and that the files include non-privileged reports created by doctors and administrators regarding his treatment. (Doc. 32-1 at 27.) The Court finds that those reports, to the extent they exist, are relevant to Plaintiff's claims, but agrees that anything that was produced in anticipation of litigation is privileged. As such, the Court will grant Plaintiff's motion to compel only the production of all non-privileged documents relating to Plaintiff's medical care, if any, contained in his claims files.

*17-20. Documents relating to Defendants' finances.*

Defendants argue that these requests seek irrelevant information and are intended to harass. (Doc. 33 at 19.) As noted above, punitive damages are available in §1983 suits and the prospect of such damages may render information regarding a defendant's assets relevant. *See Washington*, 900 F.3d at 563; *Evantigroup, LLC*, 2013 WL 74372, at *1. However, at this stage of the litigation, it is not sufficiently clear that Plaintiff has a claim to relief, let alone a claim that could support punitive damages, and therefore the Court will deny his motion to compel a response to this request at this time.

*Conclusion*

For the foregoing reasons, the Court will grant in part and deny in part Plaintiff's Motion to Compel. (Doc. 32.) Defendants are instructed to produce or supplement their production as described above.

**Motion for Appointment of Counsel (Doc. 34)**

There is no constitutional or statutory right to counsel in civil cases. *See Philips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). In determining whether to appoint counsel in a civil case, the Court should consider the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Id.* (citing *Edgington v. Missouri Dep't of Corr.*, 85 F.3d 777, 780 (8th Cir. 1995)).

Plaintiff moved for appointment of counsel once before, and the Court denied the motion because it did not believe that the factual and legal issues involved in this action were complex and because it appeared that Plaintiff was able to competently represent his own interests. (Doc. 9 at 8 (citing *Johnson v. Williams,* 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson v. Redfield Lithograph Printing,* 728 F.2d 1003, 1005 (8th Cir. 1984)). Since then, Plaintiff continues to

demonstrate his ability to competently argue his case. It is clear from his filings that he has a solid grasp on the factual nature of his past and current medical condition and a thorough understanding of the available treatments. In addition, the legal issues presented are straightforward; Plaintiff's claim turns on his medical condition and the treatment he received, which can be adequately ascertained from written records and the named Defendants without assistance of counsel. Accordingly, the Court will deny Plaintiff's Motion for Appointment of Counsel. (Doc. 34.)

### Motion for Leave to Amend (Doc. 43)

Motions to amend pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure. *See Lexington Ins. Co. v. S & N Display Fireworks, Inc.*, No. 1:11-cv-00040, 2011 WL 5330744, at *2 (E.D. Mo. Nov. 7, 2011). Under Rule 15(a), leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, denial of leave to amend pleadings is appropriate only if "there are compelling reasons such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). "The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial." *Nadist, LLC v. Doe Run Res. Corp.*, No. 4:06CV969 CDP, 2009 WL 3680533, at *1 (E.D. Mo. Oct. 30, 2009) (citing *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001)). "Whether to grant a motion for leave to amend is within the discretion of the Court." *Id*. (citing *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)).

Defendants oppose leave on the ground that amendment would greatly impact the pace of progress of this case. (Doc. 44.) They note that Plaintiff's motion, which seeks to add two additional defendants and another eight pages of factual allegations, was made only three weeks

prior to the deadline for all discovery and would, if granted, render it impossible to meet that deadline. (*Id*.) Further, they note that Plaintiff's motion to amend was made a full six months after the Court-imposed deadline for amending pleadings, without any explanation as to why Plaintiff could not have timely included the defendants and factual allegations. (*Id*.)

Ordinarily, this Court would deny a request to amend at this point in the litigation. However, the Court notes that Plaintiff has made unsuccessful past attempts to amend (Docs. 9, 22), for improper form, meaning Defendants are aware of his intent to amend and the substance of those amendments, reducing any prejudice to them. Further, amendments are to be liberally allowed and pro se litigants are often afforded additional leniency in their filings. To the extent Plaintiff advances time-barred claims, Defendants can address that issue going forward.

That said, Plaintiff's amended complaint includes claims against Dr. Johnathan Roberts and Dr. Theodore Willmore. (Doc. 43-1.) This Court dismissed those claims on initial review because Plaintiff did "not allege, nor is it apparent, that [those] individuals were acting under color of state law." (Doc. 9 at 7.) The allegations against those defendants are identical to those made in his first complaint. (Doc. 1.) Accordingly, the Court with grant Plaintiff's motion in part as to his claims against the remaining defendants and deny it in part as to Roberts and Willmore, with directions to refile his amended complaint without those defendants or claims.

## Motion to Stay Discovery (Doc. 45)

Plaintiff asks the Court to stay discovery pending the outcome of his Motion to Compel and Motion for Counsel. Those motions are both disposed of in this memorandum and order and therefore his request to stay is moot.

## "Motion of Discovery" (Doc. 48)

In this motion, Plaintiff seeks an order from this Court compelling Defendants to provide him with a number of documents. In many instances, that motion is redundant to Plaintiff's

13

Motion to Compel, addressed at length above.  Otherwise, Plaintiff seeks an order directing Defendant to comply with the rules of discovery (to the extent any of the requested documents is discoverable).  Absent some showing that Defendants are not in compliance with those rules, the Court will deny the motion.

### Motion for Judgment on the Pleadings (Doc. 54)

While styled a request for judgment on the pleadings, Plaintiff's motion actually seeks a ruling on his pending motion for appointment of counsel.  (*See* Doc. 54 (reading "in re: Motion for Appointment of Counsel" and "asking the court to please grant the Plaintiff[']s motion . . . requesting the appointment of counsel.").)  That motion is disposed of in this memorandum and order and therefore his request for a ruling is moot.

### Motion to Place Case in Mediation (Doc. 55) and Motion to Respond (Doc. 58)

Plaintiff asserts his belief that mediation would be beneficial to the resolution of the case and would save the Court's and the parties' resources.  (Doc. 55.)  He also moves for leave to respond to Defendants' opposition to mediation.  (Doc. 58.)  While the Court appreciates Plaintiff's interest in resolving this matter, it does not believe mediation, at this point in the litigation, would be fruitful.  The Court will therefore deny the motion to order mediation and will deny as moot the motion for leave to respond.

### Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Order Directing Defendants' Counsel to Serve Plaintiff with Copies of All Filings (Doc. 30), is **DENIED as moot** in light of Defendant's representation that they are already serving filings on Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (Doc. 32), is **GRANTED in part and DENIED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 34), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 43), is **GRANTED in part** and **DENIED in part**. Plaintiff is **DIRECTED** to file, **no more than sixty (60) days from the date of this order**, a new amended complaint not naming Roberts or Willmore as defendants and removing any claims against them

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Discovery (Doc. 45), is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion of Discovery" (Doc. 48), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (Doc. 54), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Place Case in Court Ordered Mediation (Doc. 55), is **DENIED.**

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Leave to Respond (Doc. 58), is **DENIED as moot.**

Dated this 20th day of September, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE