**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID JAMES BRODIGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18-cv-00273-JAR |
| ) | |
| BEN E. SWINK, M.D., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff David James Brodigan's "Third Motion to Reconsider Order Directing Plaintiff to Exclude Dr. Jonathan Roberts and Theodore Wil[l]more from This Suit for Hyper-Technical Pleading Deficiencies."[1] (Doc. 83.) Related are Plaintiff's pending "Motion for Leave to File Affidavit to His Third Motion for Reconsideration" (Doc. 99), Defendants' "Motion for Leave to File Suggestions in Opposition to Plaintiff's Motion to Attach Affidavit" (Doc. 101), and Plaintiff's Motions for Leave to Respond to Defendants' Suggestions in Opposition (Docs. 106, 107[2]). In the interest of fairness, the Court will grant those motions and consider both parties' submissions.

In his initial complaint, Plaintiff named five defendants, including Roberts and Willmore—physicians who provided medical treatment to Plaintiff. (Doc. 1.) On initial review, the Court concluded that "[P]laintiff cannot state a cause of action under 42 U.S.C. § 1983 against Dr.

---

[1] The Court notes that this is only the second "Motion to Reconsider" that Plaintiff has filed. (*See* Doc. 69.)

[2] The Court previously granted these final two motions by Docket Text Order.

Jonathan Roberts or Dr. Theodore Willmore, as [P]lainitff does not allege, nor is it apparent, that these individuals were acting under color of state law." (Doc. 9 at 7.) The Court therefore dismissed both doctors. (*Id.* at 9.)

Plaintiff then moved the Court to reconsider its dismissal. (Doc. 69.) He argued that the physicians were "subcontractors of defendant Corizon [Health] and therefore were acting under the color of state law when performing medical procedures and treatment on the Plaintiff." (*Id.* at 1.) He added that the doctors "are critical to give the jury a complete picture of the events that transpired giving cause to the claims of deliberate indifference." (*Id.*) The Court denied the motion, citing its prior order. (Doc. 78.)

Plaintiff now seeks for a third time to name Roberts and Willmore as defendants. (Doc. 83.) In addition, he requests appointment of counsel—for the ___th time. (*Id.* at 3.) Defendants oppose the motion "on the basis that it seeks appointment of counsel." (Doc. 87 at 2.)

## Legal Standard

Under Federal Rule of Civil Procedure 54(b), a district court may "exercise its general discretionary authority to review and revise its interlocutory rulings prior to the entry of final judgment." *Evans v. Contract Callers, Inc.*, No. 4:10CV2358 FRB, 2012 WL 234653, at *2 (E.D. Mo. Jan. 25, 2012) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856-57 (8th Cir. 2008)). The Court may amend or reconsider its ruling "to correct any clearly or manifestly erroneous findings of facts or conclusions of law" but may not do so based on facts or legal arguments "which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." *Evans*, 2012 WL 234653, at *2 (citations omitted).

## Discussion

Once again, Plaintiff argues that Roberts and Willmore, as subcontractors for Corizon Health and the Missouri Department of Corrections, were acting under state law when they treated him at St. Mary's Health Center.  (Doc. 83.)  Physicians contracted to provide medical services inside prisons are considered state actors.  *West v. Atkins*, 487 U.S. 42, 51 (1988).  However, "as a general rule, private hospitals do not act under color of state law for § 1983 purposes."  *Tracy v. SSM Cardinal Glennon Children's Hosp.*, No. 4:15-CV-1513 CAS, 2016 WL 3683000, at *5 (E.D. Mo. July 12, 2016) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

Plaintiff alleges that Roberts and Willmore are doctors who treated him at St. Mary's Medical Center—a private hospital—rather than a prison physician contracted to work as part of the correctional infrastructure.  (*See* Doc. 1 at 4.)  As such, they were not acting under state law when Plaintiff was brought to them for medical treatment.  Put simply, treating a prisoner does not convert a healthcare provider into a state actor.  Accordingly, the Court will deny Plaintiff's motion for reconsideration.

The Court will also deny  Plaintiff's request for appointment of counsel.  As it has said multiple times before, there is no constitutional or statutory right to counsel in civil cases.  *See Philips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  Having considered the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments, *id.* (citing *Edgington v. Missouri Dep't of Corr.*, 85 F.3d 777, 780 (8th Cir. 1995)), the Court concludes that Plaintiff is capable of prosecuting his claims without counsel.  The Court specifically notes that Plaintiff's affidavit from fellow inmate Tommy Finley, representing that Finley is no longer able to assist Plaintiff in researching and preparing his filings (Doc. 100), does not alter its assessment of Plaintiff's ability to proceed pro se.

## Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff David James Brodigan's "Motion for Leave to File Affidavit to His Third Motion for Reconsideration" (Doc. 99), is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' "Motion for Leave to File Suggestions in Opposition to Plaintiff's Motion to Attach Affidavit" (Doc. 101), is **GRANTED.**

**IT IS FINALLY ORDERED** that Plaintiff's "Third Motion to Reconsider Order Directing Plaintiff to Exclude Dr. Jonathan Roberts and Theodore Wil[l]more from This Suit for Hyper-Technical Pleading Deficiencies" (Doc. 83), is **DENIED.**

Dated this 30th day of April, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE