# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID JAMES BRODIGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18-cv-00273-JAR |
| ) | |
| BEN E. SWINK, M.D., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on two motions filed by Plaintiff David James Brodigan: Third Motion for Appointment of Counsel (Doc. 103); and Motion for Leave to File Memorandum in Support of Third Motion for Appointment of Counsel (Doc. 105).

Plaintiff alleges numerous violations of his civil rights stemming from the alleged denial of medical treatment for an inguinal hernia. (*See* Doc. 9 at 3.) Upon initial review, the Court denied Plaintiff's request for appointment of counsel, finding that the factual and legal issues of the case were not complex and that Plaintiff was able to represent his own interests. (*Id.* at 9.) Since then, Plaintiff sought reconsideration of that denial. (Docs. 34, 54.) The Court denied the motion, reiterating its finding that Plaintiff's grasp of the straightforward factual and legal issues demonstrates his ability to proceed pro se. (Doc. 62.)

Plaintiff now asks a third time for appointment of counsel, citing the recent restrictions placed on him due to the Corona Virus pandemic. (Doc. 103). He proffers a memorandum in support as well as an affidavit from a fellow inmate stating that he can no longer assist Plaintiff with legal matters. (Doc. 105; *see also* Doc. 99 at 3-4.)

There is no constitutional or statutory right to counsel in civil cases. *See Philips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). In determining whether to appoint counsel in a civil case, the Court should consider the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Id.* (citing *Edgington v. Missouri Dep't of Corr.*, 85 F.3d 777, 780 (8th Cir. 1995)).

The Court has considered Plaintiff's Motion and his memorandum in support. It goes without saying that the current circumstances complicate matters for litigants, especially confined litigants. However, the factual and legal issues present in this case remain the same as does the Court's assessment of Plaintiff's capabilities. Of note, the Court recently extended the discovery deadline by ninety days; an extension that should significantly address the logistical challenges posed by the current pandemic. (Doc. 90.) Given that extra time, the Court believes Plaintiff can continue to represent his own interests in this case despite recent external events. The Court takes note of the proffered affidavit but finds it of little import to its analysis.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff David James Brodigan's Motion for Leave to File Memorandum in Support of Third Motion for Appointment of Counsel (Doc. 105), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Third Motion for Appointment of Counsel (Doc. 103), is **DENIED.**

Dated this 30th day of April, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE