UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID JAMES BRODIGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18-cv-00273-JAR |
| ) | |
| BEN E. SWINK, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff David James Brodigan's "Motion for Discovery." (Doc. 94.)  Plaintiff seeks "the full identity and mailing address of the individual referred to in the [Plaintiff's] medical file as 'Kelly' this person was an employee at Vista Imaging of Jefferson County in 2016 during the time that the plaintiff was transported there for urgent ultrasound of his testicles on 7-8-16." (*Id.* at 2.)  In addition, Plaintiff seeks to depose the two correctional officers who transported him to his appointment at Vista Imaging. (*Id.* at 2.)  Plaintiff asserts that the officers "are first hand witnesses to the events that took place that day at Vista Imaging as well as St. Mary's Hospital." (*Id.*)  Defendants have not responded.

Plaintiff describes his July 8, 2016, visit to Vista Imaging as follows:

> On 7-8-16, after I self declared a medical emergency and was examined . . . I was sent to Vista Imaging in Festus, Mo. for a complete ultrasound on both testicles.  The results of the ultrasound illustrated a "significantly decreased blood flow to the right testicle relative to the left testicle, as well as partial torsion of the right testicle."
> . . .
> While still on site at Vista Imaging, an unknown female medical person[n]el stated to the transport officer, "He needs to be taken to the Emergency Room or he'll lose that testicle."

1

> . . .
> After the above mentioned statement was made to the transport officer he telephoned [Eastern Reception Diagnostic and Correctional Center] and spoke to unknown Corizon employee and was instructed to wait at Vista Imaging for further instructions.  After sitting and waiting in the waiting room at Vista Imaging for approximately two hours, the transport officer informs me that he has been instructed not to take me to the nearest emergency room but to transport me instead to Jefferson City, Mo. to St. Mary's Hospital E.R.

(Doc. 79 at ¶¶ 39-41.)  Thereafter, according to Plaintiff, the Correctional Officers transported him to the St. Mary's emergency department, where a doctor determined no medical intervention was necessary without personally examining Plaintiff.  (*Id.* at ¶ 42.)

The apparent significance of these events is that Corizon officials chose a less prudent course of treatment in an effort to reduce costs by transporting Plaintiff to St. Mary's, with which Corizon allegedly has a contract for services, rather than capable facilities nearby, resulting in substandard medical treatment.  (*Id.* at ¶¶ 41-42.)  However, this assertion, even if true, does not require discovery of the identity of "Kelly" or the testimony of the transporting correctional officers.  Plaintiff does not allege wrongdoing by any of those three and fails to explain how their testimony is likely to lead to other discoverable and admissible information on his claim of deliberate indifference.  (*See* Doc. 94.)  Specifically, all three alleged statements are inadmissible and "Kelly's" purported statements are inadmissible and unnecessary in light of Plaintiff's detailed medical records on which he bases his § 1983 claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff David James Brodigan's "Motion for Discovery" (Doc. 94) is **DENIED.**

Dated this 14th day of May, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

2