UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID JAMES BRODIGAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:18-cv-00273-JAR |
| BEN E. SWINK, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Victoria Reinholdt, N.P.'s Motion to Dismiss. (Doc. 86.) Plaintiff David James Brodigan opposes the motion. (Doc. 125.)

## Background

Plaintiff's suit alleges that he suffered significant pain and permanent injury due to Defendant's deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (Doc. 79.) Plaintiff makes the following allegations in his amended complaint: Plaintiff is incarcerated in the Eastern Reception and Diagnostic Center in Bonne Terre, Missouri. In December 2011, he began submitting medical service requests for a hernia. On numerous occasions, he appeared in person at the prison medical unit to receive medical treatment for the hernia. In December 2012, an MRI confirmed the presence of an incarcerated inguinal hernia on the right side of Plaintiff's groin. He was prescribed medication to relieve pain, tenderness, and swelling, but asserts that it did not work. Complications caused by the hernia continued throughout 2013 and 2014.

On October 30, 2014, Plaintiff experienced a significant increase in pain around his hernia and reported directly to the medical unit. He was ushered into an exam room with Defendant

1

Emilee L. Garcia, R.N., and Reinholdt.  Plaintiff alleges that Reinholdt ignored his grimaces and reactions to the pain caused when she poked and pushed on his hernia.  After a short physical examination, Reinholdt told Plaintiff that he did not have a hernia and that the bulge was "a fat fleshy build up of hard tissue."  (Doc. 79 at ¶ 14.)  Garcia reportedly added that there was no indication of a hernia diagnosis in Plaintiff's computerized medical chart.  Despite Plaintiff's protestations and requests for treatment, Reinholdt sent him away.

Plaintiff eventually obtained corrective surgery for his hernia in June 2016, but soon after, he experienced complications related to the surgery that affected his right testicle and penis.  Throughout the treatment for those complications, Plaintiff experienced additional instances of alleged deliberate indifference not involving Reinholdt.

Plaintiff filed suit in February 2018, naming Reinholdt among numerous other Defendants under 42 U.S.C. § 1983, seeking compensatory and punitive damages.  (Docs. 1, 79.)  Reinholdt now moves to dismiss the claims against her, arguing that they are time barred, and that Plaintiff failed to exhaust his administrative remedies and failed to state a claim upon which relief may be granted.  (Doc. 86.)  Plaintiff responds, reiterating the facts asserted in his amended complaint and attaching documents from his medical folder.  (Doc. 125.)

## Analysis

### *Statute of Limitations*

Reinholdt first argues that Plaintiff's claims against her are barred by the statute of limitations for § 1983 suits.  (Doc. 86 at 3-4.)  "Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations."  *Dressel v. Mason*, No. 4:19-CV-3294-PLC, 2020 WL 3871145, at *4 (E.D. Mo. July 9, 2020) (citing *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4)).

Plaintiff's allegations against Reinholdt are limited to a single examination that took place on October 30, 2014.  (*See* Doc. 79 at 8-14.)  He filed suit in state court on February 15, 2018 (Doc. 1), but he did not name Reinholdt until his amended complaint, which he signed on December 12, 2019 (Doc. 79 at 33).  Allegations against a new party relate back to the date of the original complaint if, as relevant here, the allegations arose from the same conduct, transaction, or occurrence described in the original complaint and the new party "knew or should have known that it would be called on to defend against claims asserted by the newly-added plaintiff." *Plubell v. Merck & Co.*, 434 F.3d 1070, 1072 (8th Cir. 2006).

Reinholdt argues that Plaintiff's original complaint made broad allegations of inaction by Corizon employees and "medical person[nel]" and failed to include any facts related to a misdiagnosis by a Nurse Practitioner, the October 30, 2014, examination, or a reference to the "fat, fleshy buildup of tissue." (Doc. 86 at 3-4.)  Therefore, Reinholdt asserts, the claim does not relate back and is thus untimely.  (*Id.* at 4.)

Reinholdt is correct that Plaintiff's only reference to his interactions with medical staff prior to June 22, 2016, is a general allegation that "[f]rom 2011 through 2016, I was experiencing excruciate[ing] pain as a result of an inguinal hernia," and that, "[d]uring this period, I filed a number of medical service reques[ts] with Corizon seeking emergent [t]reatment." (Doc. 1 at 8.)  He alleges that, "[a]t each encounter . . . [t]he medical person[nel] were deliberately indifferent . . . ." (*Id.*)

The Court concludes that a general reference to medical personnel over a five-year period is insufficient to put Reinholdt—who treated Plaintiff on a single, brief occasion—on notice that she would be called on to defend against Plaintiff's claims.  Therefore, Plaintiff's allegations against Reinhardt do not relate back to the original filing date.  *Plubell*, 434 F.3d at 1072.

Plaintiff's amended complaint was dated December 12, 2019 (Doc. 79), more than five years after the events of October 30, 2014, involving Reinhardt. The Court concludes that Plaintiff's claims against Reinhardt must be dismissed as time-barred.

### *Exhaustion*

Reinhardt also argues that Plaintiff's claims are barred because he failed to exhaust his administrative remedies before filing suit. (Doc. 86 at 4-7.) "An inmate must exhaust all available administrative remedies before bringing a § 1983 suit." *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) (citing 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014)). An inmate satisfies the exhaustion requirement by pursuing "the prison grievance process to its final stage" to "an adverse decision on the merits." *Id.* (quoting *Burns*, 752 F.2d at 1141). "If exhaustion was not completed at the time of filing, dismissal is mandatory." *Justus v. Stamps*, No. 2:17-CV-80-SPM, 2019 WL 339624, at *1 (E.D. Mo. Jan. 28, 2019) (citing *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003)). Prisoners may be excused from the exhaustion requirement only when the system is so complex that an ordinary prisoner cannot navigate it or where prison administrators are unable, unwilling, or actively thwarting attempts to provide relief. *Id.* (citing *Ross v. Blake*, 136 S. Ct. 1850, 1885-60 (2016)).

Inmates begin the administrative process by filing an Informal Resolution Request ("IRR"). *Gassel v. Jones*, No. 4:16-CV-01663-JAR, 2017 WL 1549775, at *3 (E.D. Mo. May 1, 2017). "The Missouri Department of Corrections' Grievance Policy requires an inmate to file an IRR within fifteen calendar days from the date of the 'alleged incident.'" *Id.* (citing *Baker v. Bryan*, No. 4:14–CV–333–JAR, 2015 WL 7535142, at *4 (E.D. Mo. Sept. 29, 2015)). Plaintiff's first documented IRR was filed on March 10, 2016—more than one year after the October 30, 2014, examination by Reinholdt. (*See* Doc. 79 at ¶ 35.) Thus, he failed to properly exhaust his administrative remedies related to Reinholdt's treatment. Further, Plaintiff states that, roughly

three months after he filed the IRR, he was transported for surgery to correct the hernia, illustrating that the administrative review process was available and functioning. Accordingly, the Court concludes that Plaintiff's claims against Reinholdt must be dismissed for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a)

### *Merits*

Lastly, Reinhardt argues that Plaintiff's deliberate indifference claim against her should be dismissed on its merits under Federal Rule of Civil Procedure 12(b)(6). (Doc. 86 at 7-10.) To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (alteration in original) (citations omitted). "When ruling on a motion to dismiss [under Rule 12(b)(6)], the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

"The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009) (citing *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999)). "A public official 'acts under color of law

5

when he misuses power possessed by virtue of . . . law and made possible only because he was clothed with the authority of . . . law.'" *Ramirez-Peyro v. Holder*, 574 F.3d 893, 900 (8th Cir. 2009) (quoting *United States v. Colbert*, 172 F.3d 594, 596 (8th Cir. 1999)). "[A] public official acts under color of law when that official 'abuses the position given to him by the State.'" *Id*. (quoting *West v. Atkins,* 487 U.S. 42, 49-50 (1988)).

Reinhardt argues that Plaintiff's allegations are not enough to support a conclusion that she violated his constitutional rights. (Doc. 86 at 7-9.) "An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Thus, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Id.* at 104 (citing *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Deliberate indifference claims have "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (alterations in original) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)). In order to state a cognizable claim, however, the prisoner must allege deliberate acts or omissions; "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106.

Reinhardt does not dispute that Plaintiff's hernia was a serious medical need or that it was known to prison officials; instead, she argues that Plaintiff alleges, at most, mere negligence. (Doc. 86 at 7-10.) The Court agrees. Taking Plaintiff's allegations as true, Reinhardt misdiagnosed the hernia and underestimated Plaintiff's pain. She may have been rude, dismissive, or

6

"contempt[uou]s" (Doc. 79 at 10), but she provided treatment in the form of a physical examination. Plaintiff's complaints that Reinhardt should have been more responsive to his statements or done more to address his pain amount to an allegation of medical negligence, which will not support a § 1983 deliberate indifference claim. *Estelle*, 429 U.S. at 106.

## Conclusion

For the foregoing reasons, the Court concludes that Plaintiff's § 1983 claim against Reinhardt is time-barred, unexhausted, and meritless.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Victoria Reinholdt, N.P.'s Motion to Dismiss (Doc. 86), is **GRANTED**.

Dated this 10th day of August, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE