UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID JAMES BRODIGAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:18-cv-00273-JAR |
| BEN E. SWINK, M.D., et al., | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff David James Brodigan's Sixth Motion for Appointment of Counsel. (Doc. 128.). Plaintiff reportedly has no access to the law library, computer, law books, or other legal material, and it remains unclear when Plaintiff will regain such access. (*Id*.).

The Court denied Plaintiff's Fifth Motion for Appointment of Counsel on July 9, 2020, reiterating that, despite complications related to the COVID-19 pandemic, "Plaintiff remains capable of presenting his claims. Further, should the unusual circumstances necessitate additional time to prepare or respond to discovery requests or briefing, the Court will consider such requests at that time." (Doc. 123.).

Once more, the Court will deny Plaintiff's renewed request for counsel. There is no constitutional or statutory right to counsel in civil cases. *See Philips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). In determining whether to appoint counsel in a civil case, the Court should consider the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the

claims, and the complexity of the legal arguments. *Id.* (citing *Edgington v. Missouri Dep't of Corr.*, 85 F.3d 777, 780 (8th Cir. 1995)).

The Court has determined that Plaintiff's suit is primarily a fact-intensive inquiry based on well-settled law. Plaintiff has demonstrated he is capable of adequately presenting the relevant facts, and therefore appointment of counsel is not necessary. While the Court remains sympathetic to the difficulties of presenting a civil suit while in prison during a global pandemic, it concludes that Plaintiff is sufficiently capable of presenting his claims and reiterates that, should the unusual circumstances necessitate additional time to prepare or respond to discovery requests or briefing, the Court will liberally consider such requests at that time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff David James Brodigan's Sixth Motion for Appointment of Counsel (Doc. 128) is **DENIED.**

Dated this 25th day of August, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE